BIBB NATIONAL BANK OF MACON *v.* CITY OF MACON *et al.*

ATKINSON, J. By sections 316 and 319 of the City Code of Macon provision was made for assessment and return of all property in the city for municipal taxation from the 1st day of January to the 10th day of February of each year. By section 325 it was provided that "Every person commencing business after the 10th day of February of any year shall make a return of his stock in trade and pay the tax thereon ratably for the unexpired portion of the year." While the foregoing ordinances were in force, the mayor and council, on December 29, 1916, enacted an ordinance to be applied in the year 1917, as follows: "Be it ordained by the Mayor and Council of the City of Macon, and it is hereby ordained by authority of the same: That there is hereby levied the sum of 1-1/8 per centum upon each and every one hundred dollars of a fair market value of all property, both real and personal, within the corporate limits of the City of Macon on the first day of January, 1917, that is not exempt from taxation by the Mayor and Council of said city under the constitution and laws of the State of Georgia. Said levy is made for the purpose of the support of the government and paying appropriations of the City of Macon, as provided by the charter of said city. There is hereby levied, in addition to the above 1-1/8 per centum, 1/8 of one per centum upon each and every one hundred dollars of a fair market value of all property, both real and personal, within the corporate limits of the City of Macon on the first day of January 1917, that is not exempt from taxation by the Mayor and Council of said city under the constitution and laws of the State of Georgia, for the exclusive purpose of laying sewers and paving the streets in the City of Macon, after paying the principal and interest on all paving and sewer bonds becoming due during the year 1917. That the sum of 1-1/4 per cent be imposed upon each and every $100 of fair market value of stock in trade, horses, mules, and other animals, musical instruments, household and kitchen furniture, watches and jewelry, money, bonds, notes, securities and solvent debts, wagons, drays, pleasure vehicles, and all classes of personal property within the corporate limits of the city on the first day of January of each year. That a tax of 1-1/4 per cent shall be imposed upon all capital invested or used in banking, brokerage, assurance or insurance business, or in public or private banks, or used by brokers, or persons, or firms engaged in buying or selling bank notes, etc., except bankers or banking associations, and insurance or assurance companies or associations organized under authority of the State of Georgia, or of the United States, located or doing business within the city, which bank or banking associations, and insurance or assurance companies or associations so organized shall pay a tax of 1-1/4 per cent of the market value of their shares of stock. The tax upon the shares of stocks of banks and banking associations, and insurance and assurance companies or associations organized as above, shall be returned and paid as prescribed for the return and payment of State and county taxes by the banks and banking associations, by act of Georgia legislature, approved February 17, 1876. That the taxes levied by this ordinance, except as otherwise provided, shall be

due and payable in installments of one third of the total amount of every four months as follows: The first installment of one third of the total tax for the year shall be due and payable on the 15th day of April; the second installment of one third of the total tax for the year shall be due and payable on the 15th day of August; the other install-ment of one third of the total tax for the year shall be due and payable on the 15th day of December. Should said installments not be paid within fifteen days from the date they become due and payable, the city shall, in addition to the principal and cost, collect interest thereon at the rate of seven per cent. per annum until paid. That the taxes levied and collected under any of the foregoing sections shall be made payable in United States currency or coupons of bonds as provided in the act authorizing the issue of said bonds. Be it further ordained by authority of the same, that all laws, or parts of laws, in conflict with this ordinance be and the same are hereby repealed."

The act of 1876 thus referred to (Civil Code, § 991) provided: "No tax shall be assessed upon the capital of banks, or banking associations, organized under the authority of this State, or of the United States, located within this State, but the shares of the stockholders of the banks or banking associations, whether resident or non-resident owners, shall be taxed in the county where the banks or banking associations are located, and not elsewhere, at their full market value, including surplus and undivided profits, at the same rate provided in this article for the taxation of monied capital in the hands of private individuals; provided, that nothing in this section contained shall be construed to relieve such banks or banking associations from the tax on real estate held or owned by them; but they shall return said real estate at its fair market value, in the county where located. Provided, further, that where said real estate is fully paid for, the value at which it is re-turned for taxation may be deducted from the market value of their shares; and if said real estate is not fully paid for, only the value at which the equity owned by them therein is returned for taxation shall be deducted from the market value of their shares. The banks or bank-ing associations themselves shall make the returns of the property and the shares herein mentioned, and pay the taxes herein provided. Pro-vided, further, that all property used in conducting or operating a branch bank shall be returned for taxation in the county where such branch bank may be located. The true intent and meaning of this section is that the bank itself shall return for taxation and pay the taxes on the full market value of all shares of said bank stock." *Held:*

1. The ordinance of December 29, 1916, superseded the provisions of the municipal code above referred to, and under proper construction pro-vided for the levy of a tax for the year 1917 upon all property in the city on the first day of January, 1917. The act of 1876, mentioned in the ordinance of 1916, did not specify any date at which property should be taxed; and the ordinance last mentioned, considered in its entirety, should be construed as fixing the date for taxing the capital stock of banks as the first day of January, 1917.

2. Under the construction placed upon the ordinance of 1916 in the pre-ceding note, the capital stock in a bank in Macon which was not organ-

ized until January 29, 1917, was not subject to municipal taxes for that year.

3. The bank did not waive its right to resist the payment of taxes for the year mentioned by making the tax return for that year.

4. It was erroneous to refuse to enjoin the collection of the tax.

*Judgment reversed. All the Justices concur.*

No. 971. OCTOBER 16, 1918.

Petition for injunction. Before Judge Mathews. Bibb superior court. April 29, 1918.

*Hall & Grice,* for plaintiff.

*R. G. Plunkett* and *P. F. Brock,* for defendants.