## FULTON TRADING COMPANY *v.* BAGGETT, tax-collector, *et al.*

1. The plaintiff, a Georgia corporation, having its fixed and permanent place of business in Atlanta, Fulton County, and being a bona fide resident of this State, and having paid the occupation tax imposed by paragraph 69 of the general tax act of 1923, to the tax-collector of Fulton

Licenses 37 C. J. p. 249, n. 37.
Taxation 37 Cyc. p. 1258, n. 94.

County (who issued his certificate showing the payment, and certifying that the plaintiff, its agents, and its representatives were authorized to transact business in this State without payment of additional occupation taxes, and that the license required by said act had been issued to the plaintiff for the year 1925), was not subject to the tax imposed under paragraph 59 of that act (Ga. L. Ex. Sess. 1923, pp. 20, 38).

2. Injunction will lie, at the instance of any taxpayer who has not estopped himself, to enjoin a sale of his property to collect an unauthorized tax.

3. The court erred in not granting an injunction.

No. 5172.    JANUARY 25, 1926.

Petition for injunction. Before Judge Camp. Laurens superior court. November 14, 1925.

*Hardwick & Adams,* for plaintiff.

*Burch & Daley,* for defendants.

HINES, J. Fulton Trading Company is a Georgia corporation, with its fixed and permanent place of business at 135 Ivy Street in the City of Atlanta, Fulton County, Georgia. Matt Sherlock is an employee of said corporation, and was such on October 3, 1925, and prior thereto, when the tax-collector of Laurens County issued a tax execution against Sherlock, trading as Fulton Trading Company, to collect the occupation tax imposed by sec. 2, par. 59 of the general tax act of 1923. This execution was levied on certain property of said company, in possession of Sherlock, which was held by him as agent and representative of said company. Said property was being advertised for sale under said levy. Said company is a bona fide resident of the City of Atlanta, Fulton County, and is not a non-resident of Georgia, and has paid the occupation tax of twenty-five dollars for the year 1925, required by paragraph 69 of the general tax act of 1923, to the tax-collector of Fulton County, who issued his certificate showing the payment of said tax, and certifying that said company, its agents, and representatives were authorized to transact business in this State without the payment of additional occupation taxes, and that the license required by said act had been issued to this company for the year 1925. Said company filed its petition against the tax-collector, the sheriff, and his deputy, to enjoin them from selling its property so levied upon, on the ground that said tax execution had been illegally issued against it and had been illegally levied upon its property, because under the facts aforesaid it was not liable for said tax.

1. Paragraph 59 of the general tax act of December 19, 1923 (Georgia Laws, Extraordinary Session 1923, pp. 20, 38), imposes as an occupation tax, "Upon each company of travelling horse traders, or travelling gypsies, or travelling companies or other transients, travelling persons or firms, engaged in trading or selling merchandise or live stock of any kind, or clairvoyant, or persons engaged in fortune-telling or palmistry, $250.00, . . which tax shall be collected in each county where they carry on either kind of business herein mentioned. This tax shall apply to any person, firm, or corporation who themselves, or by their agents, travel through the State carrying live stock and carrying with them cooking utensils and live in tents, or travel in covered wagons, and who may be a resident of some county or who reside without the State, and who are commonly called travelling horse-traders and gypsies, and such persons or corporation shall be liable to pay this tax. . . Provided, that no Confederate soldier, indigent, or any other person, firm, or corporation shall be exempted from the tax provided under this section. Provided further, that this tax shall not be required of bona fide residents of this State who have paid the tax required in Paragraph 69" of this act. The Fulton Trading Company, a Georgia corporation, having its fixed and permanent place of business in the City of Atlanta, County of Fulton, and being a bona fide resident of this State, and having paid the tax imposed under paragraph 69 of this tax act, was not subject to the tax imposed under said paragraph 59.

2. Injunction will lie, at the instance of any taxpayer who has not estopped himself, to enjoin a sale of his property for the collection of an unauthorized tax. *Green* v. *Hutchinson,* 128 *Ga.* 379 (57 S. E. 353) ; *Burkhart* v. *Fitzgerald,* 137 *Ga.* 366 (5-c) (73 S. E. 583) ; *Bibb National Bank* v. *Macon,* 148 *Ga.* 478 (4) (97 S. E. 72).

3. Applying the foregoing principles, the court erred in not granting the injunction prayed.

*Judgment reversed. All the Justices concur.*