ELLINGTON COMPANY *v.* CITY OF MACON.

No. 9233. JUNE 13, 1933. REHEARING DENIED SEPTEMBER 14, 1933.

*Marshall & Gilbert, Spalding, MacDougald & Sibley,* and *Brock, Sparks & Russell,* for plaintiff.

*E. W. Maynard* and *Ellsworth Hall Jr.,* for defendant.

BELL, J. V. C. Ellington Company, a motor carrier for hire, other than a common carrier, filed a suit against the Mayor and Council of the City of Macon, to enjoin the enforcement of an ordinance of the defendant municipality providing for the registration of motor carriers operating upon the paved streets of the city and for the exaction from such carriers of a "compensatory fee" for the purpose of maintaining and repairing such streets, and for other purposes. The court sustained a general demurrer and

dismissed the petition, and the plaintiff excepted. The ordinance provided that every motor carrier for hire, whether a common carrier or not, should pay a charge of so much per mile or fraction of mile traveled upon the streets of the City of Macon by each motor bus or motor vehicle operated by such carrier, the charge being graduated according to the weight of the motor vehicle, but varying slightly as between carriers of goods and carriers of passengers. The ordinance further provided that before any motor carrier would be permitted to use the paved streets of the city for the purpose of transporting passengers or goods for hire, the carrier should file an application with the clerk of the council, with which should be furnished information as to the carrying capacity and weight of each vehicle to be used, a schedule of the regular trips to be made, and an estimate of mileage to be traveled apart from that included within the regular route and schedule. Other information was also to be supplied with the application. Upon the approval of the application by the city council the carrier was required to pay the compensatory fees prescribed by the ordinance, for which a receipt would be issued by the city treasurer. The fund thus created would be known as the "street-improvement fund" and be used "only and exclusively for the repair, maintenance, and upkeep of the paved streets of the City of Macon, and that part of the streets used as a roadway for vehicles." The ordinance declared it to be an offense punishable by fine or imprisonment, or both, for any carrier, its officers or employees, to violate any of the provisions of the ordinance.

According to the allegations of the petition, the plaintiff is employed by the Great Atlantic & Pacific Tea Company to carry goods from its warehouses in the City of Atlanta to its retail stores in various parts of the State of Georgia, including the City of Macon, and in the performance of such contract of employment petitioner is required to operate its truck "from a point beyond the City of Macon and into and through the City of Macon, and over the public highways of the State of Georgia." Under notice given by the city, if the plaintiff does not comply with the terms of the ordinance and pay the fees prescribed thereby, it will be subject to numerous arrests and criminal prosecutions, and its property will be seized and sold to pay such fees, with a resulting multiplicity of suits and loss and damage to the plaintiff. It was contended in the

petition that the ordinance is invalid, because it is in conflict with the express provisions of section 18 of the motor common-carrier act of 1931 (Ga. L. 1931, pp. 199, 207), providing as follows: "Every motor common carrier shall annually on or before January first, as long as such certificate remains in force, or before the vehicle is put into use, as to a vehicle put into use during the course of the year, make application to the commission for registration of each and all motor vehicles to be operated under said certificate, in manner and form as the commission may by rule or regulation prescribe, and shall pay to the commission a fee of $25 for each vehicle for the registration of the same and the issuance of a permit or license to operate the same. No subdivision of this State, including cities, municipalities, villages, townships, or counties, shall levy any excise, license, or occupation tax of any nature on said equipment, or the right to operate said equipment or any incidents of said motor-carrier business, or on a motor common carrier. The money derived from the issuance and transfer of certificates and from the registration fee shall be subject to be used by the commission for the administration and enforcement of this act, and any sum as may be left over and unexpended on the first day of January of each year shall be paid to the State treasurer and shall be disbursed by him and paid to the State Highway Department for use in maintenance and repair of the highways as in the discretion of the highway board may be directed." Particular reference was made to the clause that "no subdivision of this State, including cities, municipalities, villages, townships, or counties, shall levy any excise, license, or occupation tax of any nature on said equipment, or the right to operate said equipment or any incidents of said motor-carrier business, or on a motor common carrier." It was alleged that since the ordinance is repugnant to this express provision of the State law, and is thus void as to common carriers, it can not be sustained as laying a tax or charge against private carriers only. The plaintiff assailed the ordinance upon still other grounds; but in our view of the case these additional grounds need not be considered, and are not stated.

The defendant by its demurrer contended that section 18 of the act referred to does not prohibit a municipality from making charges in the nature of compensatory fees for the wear and tear of its streets, such as are proposed by the ordinance in question. The

defendant further contended that section 18 is itself unconstitutional and void, because it contains matter different from what is expressed in the title of the act, and also because it purports "to exempt motor common carriers from the levy of any excise, license, or occupation tax by a municipality or other political subdivision, while no such exemption is extended to all carriers for hire," thus resulting in an unwarranted discrimination contrary to the equal-protection clauses of the State and Federal constitutions, and contrary to that provision of the constitution of this State which provides that "the exercise of the police power of the State shall never be abridged, nor so construed as to permit corporations to conduct their business in such a manner as to infringe the equal rights of individuals, or the general well-being of the State."

In *City of Albany* v. *Ader*, 176 *Ga.* 391 (168 S. E. 1), decided since the present case was argued, it was held that an ordinance similar to the one here under consideration was invalid as to a motor common carrier, because in conflict with section 18 of the motor common-carrier act of 1931 (Ga. L. 1931, pp. 199-213). The ordinance of the City of Albany, like the ordinance of the City of Macon, proposed a mileage fee for the use of its streets by carriers, and, contrary to the assumption of counsel for the city in the instant case, the charge was there based upon each mile or fraction of mile *traveled by each bus or motor vehicle*. In the case of the City of Albany, it was held that such a charge could not be made as to a common carrier, in view of section 18 of the motor common-carrier act. The validity of this section was attacked by the municipality in that case upon substantially the same grounds as were urged in the case now before us, and the decision there rendered is controlling of all questions raised in the present case, except that the plaintiff in that case was a common carrier, while the plaintiff here is a motor carrier other than a common carrier. This distinction will be dealt with in the next division of this opinion. In Williams *v.* Baltimore, 289 U. S. 36 (77 L. ed. 531), it was held by the Supreme Court of the United States that "a municipal corporation, created by a State for the better ordering of government, has no privileges or immunities under the Federal constitution which it may invoke in opposition to the will of its creator." The same principle would be applicable as to provisions of the State constitution.

■ It may be true, as contended by the City of Macon, that section 18 of the motor common-carrier act does not prevent a municipality from laying a charge or compensatory fee for the use of its streets upon a motor carrier for hire other than a common carrier (*Montgomery &c. Freight Lines* v. *Georgia Public Service Commission,* 175 *Ga.* 826, 166 S. E. 200) ; but the ordinance now in question lays the charge indifferently against carriers for hire of all classes, and it is obvious that the objectionable portion as to common carriers is so connected with the general legislative scheme that, if it should be stricken out, effect could not be given to the intention of the mayor and council in adopting the ordinance. Upon a consideration of the entire ordinance, it is apparent that the municipal authorities would not have required the payment of such fees by a motor carrier for hire other than a common carrier, without requiring a like payment by common carriers. Accordingly, the failure of the part of the ordinance relating to common carriers must be held to destroy the general legislative scheme and to nullify the ordinance as a whole. *Elliott* v. *State,* 91 *Ga.* 694 (2) (17 S. E. 1004) ; *Bennett* v. *Wheatley,* 154 *Ga.* 591 (2) (115 S. E. 83), and cit. See, in this connection, *Mayor &c. of Savannah* v. *Ellington Co.,* 177 *Ga.* 149 (170 S. E. 38). The court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

BELL, J. The City of Macon filed a motion for a rehearing in which the following contentions were made: (1) That this court "has overlooked and misconstrued the applicable scope" of section 18 of the motor common-carrier act of August 27, 1931 (Ga. L. 1931, pp. 199-213), "it being the belief of counsel that the inhibition contained in such section does not embrace an ordinance such as is the subject-matter of this litigation." (2) That this court was in error when it concluded that the compensatory charge exacted by the ordinance of the City of Macon was a "license, occupation, or excise tax." (3) That the court in its decision erroneously concluded that it was bound in the instant case by the decision in *City of Albany* v. *Ader,* 176 *Ga.* 391 (168 S. E. 1).

Upon a further examination of the record in the *Albany* case,

it is apparent that the ordinance of the City of Albany was in some respects different from the Macon ordinance, and that this court was in error in stating that, "contrary to the assumption of counsel for the city in the instant case, the charge was there based upon each mile or fraction of mile traveled by each bus or motor vehicle." The ordinance of the City of Albany provided in effect, that, after a determination of the route or routes to be used by the carrier and the number of vehicles to be operated thereon, the carrier should pay for each vehicle an annual fee of so much per mile or fraction of mile of the fixed route or routes to be used by the carrier, regardless of the number of trips to be made by such vehicles; whereas the ordinance of the City of Macon proposed a charge of so much per mile or fraction of mile actually traveled upon the streets of the City of Macon by each motor bus or motor vehicle operated by the carrier. By reason of this difference, it is contended that while the charge as made by the Albany ordinance was properly considered as a license or occupation tax, as distinguished from a compensatory fee, the charge exacted by the City of Macon can not be so construed, since it is based upon the actual mileage traveled. We do not think this is a sufficient basis for distinguishing the two cases. While the Macon ordinance prescribed the more precise basis of compensation, the object of each ordinance was to collect a sum for the use of the streets, and the charges made were identical in character. In the *Albany* case, as appears from the opinion, it was clearly understood by this court that the charge there under consideration was intended as a compensatory fee, and it was yet held that the charge could not be made as to a common carrier, in view of section 18 of the motor common-carrier act. The validity of this section was attacked by the municipality in that case upon substantially the same grounds as were urged in the present case.

We did not overlook the decision of the United States Supreme Court in Interstate Transit Inc. *v.* Lindsey, 283 U. S. 183 (51 Sup. Ct. 380, 75 L. ed. 953), to the effect that "A State may impose upon motor vehicles engaged exclusively in interstate commerce a charge, as compensation for the use of the public highways, which is a fair contribution to the cost of constructing and maintaining them and of regulating the traffic thereon." The principle of that decision might be applicable in the present case

except for the construction which we have placed upon the Georgia statute. The provision that "No subdivision of this State, including cities, municipalities, villages, townships, or counties, shall levy any excise, license, or occupation tax of any nature on said equipment, or the right to operate said equipment or any incidents of said motor-carrier business, or on a motor common carrier," might, if standing alone, be susceptible of the interpretation urged by counsel for the municipality; but this provision must be considered in the light of the whole act, from which it appears that, so far as taxes and other fees are concerned, the State has elected to prescribe the conditions upon which motor common carriers shall be permitted to operate upon the streets and highways of this State. We need not repeat here what was said upon this point in *City of Albany* v. *Ader,* supra.

*Rehearing denied. All the Justices concur.*