23161. CHERRY *v.* CITY OF ATLANTA.

DECIDED OCTOBER 12, 1933.

*Walter Erle Daley, Burress & Dillard,* for plaintiff in error.
*J. L. Mayson, C. S. Winn, J. C. Savage,* contra.

BROYLES, C. J. J. M. Cherry was convicted in the recorder's court of the City of Atlanta for "doing business without a license." By certiorari he carried the case to the superior court, and the judge of the superior court overruled the certiorari, and to that judgment the defendant excepted.

The record shows that the defendant was operating the Cherry Transfer and Storage Company; that the principal office and place of business of the company was 478 Courtland street, Atlanta, Ga.; that he hauled household and office goods from point to point within the city of Atlanta, and also outside the city; that he had no regular schedule, no regular route, and no regular termini; that he used the same trucks and had one common fund whether the business was in or out of the city; and that he had not paid his license tax to the city of Atlanta for doing business therein. In short, the evidence shows that the defendant was conducting a transfer business in the city of Atlanta, and also made hauls "from Atlanta to outside points, and from outside points back to Atlanta," and had paid no license for doing business in the city.

The defendant claimed exemption from the city license because he was operating under "a certificate of public convenience and necessity" issued by the State of Georgia under the motor-carrier act of 1929 (Ga. L. 1929, p. 293). He also claimed exemption under section 18 of the motor common carriers act of 1931 (Ga. L. 1931, p. 199), the latter act being "cumulative" (see sec. 23) to the act of 1929, and specifying that certificates of public convenience and necessity granted under the act of 1929 shall continue in force. See sec. 4(c), p. 201.

These acts provide that municipalities shall not levy a license tax on motor common carriers or their business, but make some exceptions. After a careful study of these acts, and particularly the act of 1929 under which the certificate in question was issued, we are convinced that it was not the intent of the General Assembly to permit one to do a general transfer business in a city and be exempt from paying a city license therefor, simply because he also made hauls out of the city and paid the State for the privilege of so doing. Looking to the intent of the law-making body, the act of 1929 shows that the term "motor carrier," as used in the act, applies to those operating on a regular route on regular schedules or between fixed termini, and for whom the public service commission has power to prescribe schedules, fix rates, and issue orders relative to their operation. A private transfer business does not come within this category. The name of the certificate issued under this motor-carrier act, viz., "a certificate of public convenience and necessity," shows that it is intended to relate to a common car-

rier operating because of convenience and necessity to the public, and serving the public under fixed requirements, and does not relate to one operating a private transfer business in and outside a city, without any fixed rules, routes, schedules, or termini. In fact, the act provides that the term "motor carrier," as used in the act, shall not include or apply to "taxicabs or trucks of baggage transfer companies, which are operated principally within the incorporate limits of cities or towns, but which may in the prosecution of their regular business occasionally go beyond the limits of the city or town in which they operate, and which do not operate between such city or town and fixed termini outside of such city or town limits." And in *McIntyre* v. *Harrison,* 172 *Ga.* 65 (3), 76 (157 S. E. 499), it is held that "The motor-carrier act of 1929 is applicable alone to common carriers by automotor-vehicles, and does not apply to private carriers of goods in such vehicles for hire over the public highways of this State; and such private carriers are not thereby subjected to the control or regulation of the Public-Service Commission of this State." There is no contention that the Public-Service Commission controlled or regulated the private transfer business of the defendant in or without the city of Atlanta, or prescribed any specific routes or termini for such operation; nor is the city of Atlanta attempting to collect a license from the defendant for business done outside the city. The service rendered by the defendant in the city was not, within the meaning of the act, a service of "public convenience and necessity," for which the certificate in question was issued. See *McIntyre* case, supra. For the transaction of this private business within the city he is due to pay a city license.

The case of *Kehrer* v. *Stewart,* 117 *Ga.* 969, 976 (44 S. E. 854), though not dealing with a city license, illustrates the principle here invoked. Paraphrasing the language of that decision and applying it to the instant case: The defendant is not relieved from paying the city tax because he, in addition, does a State business which is not taxable by the city. The true rule is that when one does any business which is subject to a tax by a city, he is subject to any tax which the city may lawfully impose upon him, irrespective of what other business or occupation he may have. "If he would escape the [city] tax, let him avoid the business which is subject to the tax and confine himself to that which is

not. If he would continue to pursue the taxed business, let him pay the tax which is imposed upon all who are engaged therein. He can not continue in that business and, by engaging in another and non-taxable [by the city] business, create an exemption for himself, and thus outstrip those of his competitors who still follow the taxed business only."

The cases of *City of Albany* v. *Ader,* 176 *Ga.* 391 (168 S. E. 1), *City of Waycross* v. *Bell,* 169 *Ga.* 57 (149 S. E. 641), and *Mayor &c. of Savannah* v. *Ellington,* 177 *Ga.* 149 (170 S. E. 38), are differentiated by their facts from the instant case. In the *Ader* case the defendant in error had fixed termini, and operated "from Albany to Columbus and from Albany to Thomasville, and . . [was] required to observe certain schedules." In the *Bell* case the defendant in error was "engaged in the operation of motor-buses for the transportation of passengers upon *regular fixed routes* into and out of the city of Waycross." And in the *Ellington* case the ordinance held to be invalid provided for registration and routing of motor-carriers transporting persons or goods from a point without the county of Chatham into or through the city of Savannah. Under the facts of those cases it is clearly evident that the General Assembly intended that such operators of motor carriers should be relieved from paying a municipal license tax; but none of the decisions question the right or authority of a city, under facts similar to those of this case, to collect a license tax from one conducting a transfer business within the city.

The court did not err in overruling the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*