ACME FREIGHT LINES INC. *v.* CITY OF VIDALIA *et al.*

No. 13953. JANUARY 15, 1942.

*Jackson & Darby,* for plaintiff.
*Jack M. Rattray* and *I. W. Rountree,* for defendants.

REID, Chief Justice. Acme Freight Lines Inc. petitioned for an injunction to restrain the City of Vidalia in its efforts to collect from the plaintiff a "business tax." The plaintiff alleged that it held several certificates of public convenience and necessity, issued by the Public-Service Commission under the Code, §§ 68-601 et seq., for the transportation of freight over the highways of this State as a motor common carrier, one of which authorizes it to operate between the cities of Savannah and Baxley, through the City of Vidalia, and another between the cities of Vidalia and Macon. The plaintiff, on various grounds, denied the city's authority to levy the tax in question, and alleged that the city had instituted numerous prosecutions against plaintiff's employees and had seized and impounded one of its trucks. The trial judge refused an injunction.

In the act of 1931 (Ga. L. 1931, pp. 199, 207), as amended by the act of 1937 (Ga. L. 1937, p. 469; Code, § 68-623), the General

Assembly provided for the registration, on the first day in each year, of all vehicles operated by a motor common carrier, and a payment of $25 to the Public-Service Commission for each vehicle so registered, and provided that "No subdivision of this State, including cities, municipalities, villages, townships, or counties shall levy any excise, license, or occupation tax of any nature on said equipment, or the right to operate said equipment or any incidents of said motor carrier business, or on a motor common carrier." For instances of the application of this provision, see *City of Waycross* v. *Bell,* 169 *Ga.* 57 (149 S. E. 641); *City of Albany* v. *Ader,* 176 *Ga.* 391 (168 S. E. 1); *Mayor &c. of Savannah* v. *Ellington Co.,* 177 *Ga.* 149 (170 S. E. 38); *Ellington Co.* v. *Macon,* 177 *Ga.* 541 (170 S. E. 813); *Southeastern Greyhound Lines* v. *Atlanta,* 177 *Ga.* 181 (170 S. E. 43).

This provision sets up an exemption of a motor common carrier from municipal taxation, not only on its equipment and the right to operate the same, but also on "any incidents of said motor carrier business." In the present case the city concedes its lack of authority to levy any tax against the plaintiff in reference to its transportation of freight as a motor common carrier over the routes fixed by the certificates issued by the Public-Service Commission. Justification for the tax is founded upon the fact that, in addition to the operation of trucks for the transportation of freight over the routes fixed by the commission, the plaintiff carries on what is referred to in the record as a "pick-up and delivery service" in and around the city. The trial judge ruled that this "is not a *necessary* incident to the operation of a common carrier," and that as to it "the plaintiff is not a motor common carrier, but is engaged in a special and distinct business in the City of Vidalia, and is taxable as such." This formula interpolates before the word "incidents," used in the statute, the word "necessary" so as to require, as a condition of tax immunity, that the operation be a necessary incident of the business of a motor common carrier. This appears to us to be erroneous. "Incidents" of the business of a motor common carrier does not mean those things without which the business can not be carried on. Such would be more properly classified as the business itself, rather than an incident thereof. Webster defines the word incident as follows: "Dependent on, or appertaining to, another thing (the principal);

directly and immediately pertinent to, or involved in, something else, though not an essential part of it." Thus an incident of the business of a motor common carrier of freight would be something naturally associated as pertinent to such transportation and necessarily dependent upon it, but without which the business of transportation might nevertheless be carried on. In other words, the incidental operation would be necessarily dependent upon the transportation, but the business of transportation would not be necessarily dependent upon the incidental operation. To us a clear example of this would be the operation by a motor common carrier in and immediately around a municipality lying on its route of a pick-up and delivery service of freight that had been shipped or was to be shipped to or by patrons at the municipality. This service, while not necessarily essential to the transportation of freight to and from the municipality, is, it seems to us, nevertheless pertinent and necessarily dependent on the carrier's business, the service being confined to freight shipped or to be shipped over the carrier's line at that point. Coming thus, in our opinion, within the classification of an incident of the business of a motor common carrier, this operation can not be termed "local draying," such as is exempted from the operation of the act, under the Code, § 68-602(b), and to which the exemption from local taxation (§ 68-623) would not apply. As we understand the evidence adduced in this case, the plaintiff's operations against which the tax is said to be levied is of the above-described character; and accordingly we conclude that the tax is illegal, and should have been enjoined.

We need only further remark that this incidental operation of the plaintiff is, as such, a part of its business as a motor common carrier, and is subject to the provisions of the motor common-carrier act. The fact that the plaintiff may not have secured the permission of the commission to operate this service, or that it may not have been brought within the regulatory control of the commission, does not vest in the municipality any authority to levy a tax against it. *Judgment reversed. All the Justices concur.*