GOODWIN, Tax Collector, *v.* THE CITIZENS & SOUTHERN NATIONAL BANK.

No. 18210. SUBMITTED MAY 11, 1953—DECIDED JUNE 9, 1953—REHEARING DENIED JULY 15, 1953.

*Franklin H. Pierce, Eugene Cook, Attorney-General, M. H. Blackshear, Deputy Assistant Attorney-General, F. H. Boney, Assistant Attorney-General* and *W. Dan Greer,* for plaintiff in error.

*Fulcher, Fulcher & Hagler* and *Alston, Sibley, Miller, Spann & Schackelford,* contra.

DUCKWORTH, Chief Justice. ■ Whether the assessment here is against the bank or against its shareholders, the bank is entitled to maintain a suit in equity in its own name to prevent an unlawful assessment. Pelton *v.* National Bank, 101 U. S. 143 (25 L. ed. 901); Hills *v.* Exchange Bank, 105 U. S. 319 (26 L. ed. 1052). Since a national bank is an instrumentality of the Federal government, the States are without power to tax such banks in the absence of consent of the Congress. Owensboro National Bank *v.* Owensboro, 173 U. S. 664 (19 Sup. Ct. 537, 43 L. ed. 850). Such congressional consent is given in 12 U. S. C. A. § 548, and is sharply constricted as follows: "The legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all the shares of national banking associations located within its limits. The several States may (1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such associations on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with"; and it is further provided by the Federal statute that, when the State has adopted one of the four plans, it will not be allowed to impose any of the other methods of taxation. The provision of our Code § 13-203, defining rules applicable to branch banks and investing the Superintendent of Banks with authority to make the ultimate decision as to compliance with such rules, was obviously intended to apply only to State banks, because (1) it vests in the superintendent of banks powers which he can not exercise with reference to national banks; and (2) Code § 13-201 plainly states that the provisions of Chapter 13 shall not apply to national banks unless expressly so provided.

Therefore we must look solely to the 1927 general tax act (Code, § 92-2406; Ga. L. 1927, p. 99, § 11) for the State law relating to taxing national branch banks. That section begins with the positive statement that "no tax shall be assessed upon the capital of banks or banking associations organized under the authority of this State or the United States located within this State, but the shares of the stockholders of the banks or banking associations, whether resident or nonresident owners, shall be taxed in the county where the banks or banking associations are

located, and not elsewhere." It is important to observe that shares alone are taxable, and banks are not, and this can be done only in the county where the bank is located. This much of the State tax act is in complete accord with the Federal law which gives consent and upon which the State is wholly dependent for authority to tax at all.

But when the State in the same section undertakes to tax branch banks, there is no attempt to conform to the Federal statute. The State law there provides that "branch banks shall be taxed on the value of the capital employed in their operation," thus providing for taxing "branch banks" and fixing the basis therefor as "the value of the capital employed in their operation," which clearly contradicts the first portion of the section that says banks shall not be taxed, and that means their capital, but shares of the stockholders alone may be taxed.

Of course the legislature intended to tax branches of national banks, and this intent is obvious, but it is equally obvious that it did it in a manner forbidden by Federal law. Manifestly, the legislature was familiar with the Federal statute and its limitations upon the scope of permissible taxation by the States as evidenced by the provision that no bank shall be taxed but only shares of stockholders. Failure of the legislature so to provide with reference to branch banks, though due to mistake or any cause, despite an intention to tax, is fatal. When the 1927 amendment of the banking act (Ga. L. 1927, p. 195) is read, it will be found that section one is a comprehensive outline for operating branch State banks, empowering the State Superintendent of Banks to enforce its provisions; and then follows a provision for taxing such branch banks, which is the exact verbiage of the portion of the 1927 general tax act relating to taxing branch banks. It is evident that, when writing the tax act relating to branch banks, the legislature simply lifted what had been written into the banking act and inserted it into the taxing act. This would have been entirely all right had the tax act been limited, as was the banking act, to Georgia banks, but it simply does not fit into the Federal law and, hence, can not be applied to national branch banks.

The District Court opinion in Citizens & Southern National Bank v. City of Atlanta, 46 Fed. 2d, 88, holding that the Georgia

law providing for taxing national branch banks on the value of the capital allocated to them meant taxing shares of stockholders, was written by Judge Sibley. He states that "The loose language is due to the loose Georgia doctrine on the subject." The Georgia doctrine was then and is now that all ambiguous or loose tax laws must be construed against the government and in favor of the taxpayer, and not contrariwise. *Mayor &c. of. Savannah* v. *Hartridge,* 8 *Ga.* 23; *State* v. *Camp,* 189 *Ga.* 209 (6 S. E. 2d, 299); *Forrester* v. *Interstate Hosiery Mills,* 194 *Ga.* 863 (23 S. E. 2d, 78); *Thompson* v. *Eastern Airlines,* 200 *Ga.* 216 (39 S. E. 2d, 225). This is the Federal rule also. See Burnet *v.* Willingham Loan & Trust Co., 282 U. S. 437 (51 Sup. Ct. 185, 75 L. ed. 448). This rule forbids any construction by implication. *Mystyle Hosiery Shops* v. *Harrison,* 171 *Ga.* 430 (155 S. E. 765); *Publix-Lucas Theatres* v. *City of Brunswick,* 206 *Ga.* 206 (56 S. E. 2d, 254).

When he became a member of the Circuit Court of Appeals, Judge Sibley wrote the opinion in Gully *v.* First Nat. Bank in Meridian, 81 Fed. 2d, 502, wherein he cited First National Bank of Gulfport *v.* Adams, 258 U. S. 362, and held that an assessment against a bank upon its capital, surplus, and undivided profits was an assessment, not against the shares of the stockholders, but was against the bank, and offended the Federal law permitting States to tax shares of national banks, and was void. Although Judge Sibley did not mention his former contrary opinion, it is clear that he had concluded that it was unsound because he did not follow it.

The assessment in the instant case is, in substance, the same as that held to be void by the circuit court. The assessment conforms to the State law which is void for the same reason.

The cases of *Georgia State Building &c. Assn.* v. *Mayor &c. of Savannah,* 109 *Ga.* 63 (35 S. E. 67); and *Daniel* v. *Bank of Clayton County,* 154 *Ga.* 282 (114 S. E. 210), involved banks and not branch banks. Therefore the portion of Code § 92-2406 applicable does plainly tax shares and forbids taxing the banks. We are here dealing not with banks but with branch banks to which the provisions of Code § 92-2406 apply differently, and, hence, the above decisions are entirely inapplicable here.

The words, "branch banks shall be taxed" are unambiguous,

and the words, "on the value of the capital employed," are also unambiguous. The quoted words constitute the heart of Code § 92-2406 as it applies to branch banks. While being unambiguous and, hence, not subject to construction, yet if they would possibly bear a construction that would cause them to mean "branch banks shall not be taxed but shares representing the amount of capital devoted to their use shall be taxed," we would be compelled to construe them against the government and favorably to the taxpayer, which would mean accepting the literal words in preference to a construction favoring taxation.

We believe we have demonstrated that, although empowered by Federal law to do so, Georgia has enacted no valid law for taxing shares of stockholders of national branch banks. For this reason the petition to enjoin the assessment here against the branch national bank is not subject to demurrer.

█ But it is contended that, by its voluntary return for taxes and the tender of an amount alleged to be the amount of taxes due, the bank is estopped to now challenge the right of the county to tax. We reject this contention because any payment would offend the Federal law. The bank is an instrumentality of the Federal government, is subject to Federal law, and no violation of that law will work an estoppel that will require or justify further violations. Both the county and the bank are charged with knowledge of the Federal law, and failure of the State law to conform to the requirements of the Federal law. There is no estoppel here. See *Bibb Nat. Bank of Macon* v. *City of Macon*, 148 *Ga.* 478 (97 S. E. 72).

For the reasons set forth in the foregoing opinion, the court did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*