STEPHEN H. MITCHELL, plaintiff in error, *vs.* MOSES SPEER, defendant in error.

1. Sections 548 and 550 of the Revised Code contemplate that, in assessing the county-taxes, there shall be a specific assessment for each of the objects mentioned, and that the fund for each shall be kept separate by the treasurer.

2. The Act of the 7th of October, 1868, directing orders to be paid by the County-treasurer, according to their date, is imperative ; but that Act does not require that an order shall be paid out of a fund not set apart for the payment of debts of that kind.

3. Where there is no direction in a county-order as to the fund out of which it shall be paid, and the treasurer answers that there are older orders on his book, of the same kind, more than sufficient to exhaust the money in hand not specifically assessed for special purposes, *mandamus* will not be granted to compel him to pay such younger order.

*Mandamus.*    Decided by Judge CLARK.    Sumter county. Chambers.    May, 1869.

Mitchell presented to the Judge his petition, averring that he is jailor of said county, and, as such, has been furnishing provisions for the prisoners in its jail, according to a contract between the Ordinary and sheriff, touching the compensation

of the jailor; that there is now due him, on said account, $958 20, for which the Ordinary has given him orders on Moses Speer, the County-treasurer, drawn at various times, and for divers sums, from September, 1868 up to ————, 1869; that the treasurer refuses to pay the orders, upon the ground that he is compelled, by an Act of the General Assembly, approved the 7th of October, 1868, to pay all orders according to their date; that the dieting of prisoners is of pressing and immediate necessity, and, in law, ought to take precedence of other orders. And, therefore, he prayed for a *mandamus*, to compel the County-treasurer to pay his orders. It was agreed that the Judge should hear and determine the matter in chambers.

Speer's attorney demurred to said petition, and said that the *mandamus* ought not to be made absolute, because it was insufficient, in law, and also filed an answer, in which Speer answered that " he has no funds in hand," and that if he had, he could not pay Mitchell's orders, because others held older orders against him, which had to be first paid under said Act.

The cause was submitted to the Judge without argument, and he refused the *mandamus*, and this refusal is assigned as error.

HAWKINS & BUKKE, for plaintiff in error,

S. H. HAWKINS, for defendant.

McCAY, J.

The answer of the treasurer " that he had no funds " of any kind on hand, would, uncontradicted, be conclusive against the making of the *mandamus* absolute. As, however, there is, in addition to this, an objection made of great importance to the citizens of counties, to-wit: that there are in existence older orders that the plaintiff's, and as the plaintiff sets up that his order, being " for dieting prisoners," takes precedence of all others, we will consider the question thus made.

Mitchell *vs.* Speer.

It would seem of great importance to the public weal that the county authorities should have such a control over the taxes, as that they might lawfully use them at their discretion, to meet pressing current expenses. These are often of almost over-ruling necessity, and the public interest is liable to great detriment, without some such authority. And such, we believe has been the decision of some of the Circuit Courts. The claims of creditors of the counties, have been compelled to yield to the necessary current expenses of the day.

However this may be, we do not see any ground for such a practice since the Act of October 7th, 1868. Pamp., 19. That Act, in express terms, declares that all orders upon the County-treasurer " shall be paid according to date—the oldest first—and not otherwise." This is imperative, and, as the Ordinary has no control of the county-money, except by orders on the treasurer, it would seem that this law fixes a rigid rule, so that each order has a right to the funds in hand according to its date.

We do not, however, understand that it was the object of this Act, to change the law, as prescribed by the Code, keeping separate the several funds authorized by law to be raised, or that an order is entitled to preference on every fund.

And if the Ordinaries and County-commissioners will pursue the law, there will be no difficulty.

It is clearly the intent of the Code, sections 548, 549 and 550, that, the county-taxes shall be assessed specifically for the several purposes authorized by law. Section 550 says that the order of the Court assessing the tax, shall specify the *per cent.* levied for each specific purpose, and this just after section 548 has specified, in detail, the several purposes for which county-taxes may be laid.

We think this is a wise provision. Every order assessing a tax, should specify the *per cent.* laid *for each of the nine specific purposes* mentioned in section 548. And if there be a tax laid for any purpose, not there included, by virtue of some other law, the *per cent.* laid for that purpose should be stated in the order. The funds, when collected, should be·

dealt with in the same manner.   The treasurer should keep a separate account of each fund, and each county-order should specify the fund on which it is drawn; and no order ought to be drawn on any fund not properly raised for the payment of the claim.

It is intended that the order of the Court, assessing the tax, shall be a sort of appropriation bill, and that the Ordinary shall draw it intelligently, in view of the peculiar state of the pecuniary condition of the county.

Such a cause will conduce to economy, to a full understanding of county matters, and each person dealing with the county can then know the security he has for the payment of the promises made him.

We deem this provision of the Code of great importance, and Ordinaries and Treasurers who neglect to conform to this salutary law are greatly to blame.   By the division of the funds into as many as nine or ten smaller funds, the public are made aware of the uses to which the taxes are to be applied, and a far better control over the public money is secured, and this is of great importance.   The loosness heretofore existing has been a great evil, and the waste and misuse of county-funds is a serious matter of complaint.

Judgment affirmed.