### ALBANY BOTTLING COMPANY *v.* WATSON *et al.*, commissioners, *et al.*

1. A county, being a corporation created by and existing under the laws of this State, can exercise only such powers as are conferred on it by law; and when it undertakes through its constituted authorities to exercise the power of taxation in any given manner, a clear and manifest legal right to do so must appear.

2. Construed in connection with preceding sections of the Political Code, the phrase "the per cent. levied," as used in section 405, means a given per cent. upon the State tax levied for the year in question; and under the law embraced in that section, the county assessment must in each instance specify the particular county purpose for which this designated per cent. upon the State tax is levied.

3. When, therefore, the county authorities of a given county imposed an arbitrary tax of fifty dollars for the year 1897 on all dealers in spirituous or malt liquors, etc., doing business in that county, relying for the power so to do upon the provisions of section 405, the imposition of such tax was unlawful.

4. The court erred in refusing to grant an injunction to restrain the collection by levy and sale of a tax imposed in the manner above indicated.

Argued January 28, 29, — Decided March 4, 1898.

Petition for injunction.   Before Judge Spence.   Dougherty county.   January 10, 1898.

*Jones & Bacon,* for plaintiff.
*D. H. Pope & Son,* for defendants.

LITTLE, J.   The questions which arise in this case grow out of a levy of a tax execution issued by the commissioners of roads and revenues of Dougherty county, to collect a specific tax from the plaintiff in error for the year 1897.   It appears that the plaintiff in error is a dealer in spirituous and malt

liquors, doing business in the city of Albany, Dougherty county; that it returned all its property to the county for ad valorem taxation for the year 1897, paid all specific and license taxes required to be paid to the State and United States, and paid the City of Albany $200.00 as the amount required to be paid to that city for license to conduct its business therein for and during the year 1897. It appears that on August 19, 1897, the board of commissioners passed an order for the levy of specific taxes on divers occupations carried on in Dougherty county, in which order the following language is employed: "On all dealers in spirituous or malt liquors, intoxicating bitters or brandy fruit, domestic wines, or any or all thereof, for each place of business where manufactured or sold, $50.00." It was provided in said order that the same was passed in accordance with the laws, for roads and bridges fund, as a supplement to the ad valorem tax levied for said purpose. In pursuance of this order an execution was issued against the plaintiff in error, commanding the sheriffs and constables of this State, "that of the goods and chattels, lands and tenements of the Albany Bottling Company, you levy and by distress and sale thereof sufficient to make the sum of $50.00, special county liquor tax now due and owing to said county for taxes for the year 1897," etc. Upon the levy of this execution, the plaintiff in error presented to the judge of the superior court a petition praying that an injunction might be granted to restrain the collection of the tax. The prayer of the petition was denied, and to the order denying the same the plaintiff in error excepts, and brings the case here. The question, therefore, which arises is, whether the commissioners of Dougherty county can lawfully compel the plaintiff in error to pay the tax levied as a specific business tax.

1. Article 11, sec. 1, par. 1, of the constitution of this State declares that "Each county shall be a body corporate, with such powers and limitations as may be prescribed by law," etc. The legal status of counties is therefore fixed, and they can exercise such powers as the General Assembly may grant; and they possess no powers not so conferred upon them, either expressly or by fair implication from the statutes applicable to

them. 15 Am. & Eng. Enc. L. 1039, and authorities cited. As political divisions of the State, charged with the administration of government within the limits prescribed by the General Assembly, neither such corporations nor their officers can do any act, or make any contract, or incur any liability, not authorized by some legislative act applicable thereto; and all acts done beyond the scope of the power granted are void. The same rules and limitations which by law are imposed on cities, towns and other municipal corporations are equally applicable to a county. They can exercise no powers except those which are conferred upon them by legislative action, or such as are necessary to the exercise of their corporate powers, the performance of their corporate duties, and the performance of the purposes of their association. 1 Dillon's Mun. Corp. (4th ed.) 146. This is a principle well established, and must be closely adhered to when such a corporation undertakes to exercise the power of taxation within its limits. The power to tax is incident to the State, because of its sovereign character. Neither counties nor municipal corporations of any character possess this power to any extent unless conferred by the constitution or the laws of the State, and therefore such power can only be exercised when delegated in plain and unmistakable terms, or when it results by necessary implication from other powers expressly granted. 25 Am. & Eng. Enc. L. 580. The exercise of this power being so limited and restricted, the burden is on every political division of the State, which demands taxes from the people, to show the authority to exercise it in the manner in which it has been imposed. Cooley on Taxation (2d ed.), 678. The principle that municipal corporations can levy no taxes, general or special, upon the inhabitants of the municipality or their property, unless the power be plainly and unmistakably conferred, is universally admitted and declared. 2 Dillon's Mun. Corp. (4th ed.) § 763. This court has held that the authorities of the political divisions of this State have no roving commission to levy and collect taxes from the people without authority of law, but they can do so only in the manner prescribed by law, which is the rule governing their conduct in all cases where taxes are levied for county purposes. *Barlow* v. *Ordinary of Sumter County*, 47 *Ga.* 642.

2. It is contended, however, on the part of the commissioners, that they were authorized to levy the tax in question, and for their power to do so they rely upon the provisions of section 405 of the Political Code, which reads as follows: "As soon as the county tax is assessed for the year, it shall be done by order of such ordinaries and entered on their minutes, which must specify the per cent. levied for each specific purpose. The assessment applies to every species of value or specifics which is taxed by the State." When this section of the code is construed in connection with preceding sections, it does not seem that the tax levied can be held to have been lawfully imposed. By section 399 of the Political Code it is provided that "The ordinaries have power to raise a tax for county purposes, over and above the tax they are hereinbefore empowered to levy, and not to exceed fifty per cent. upon the amount of the State tax for the year it is levied; provided two thirds of the grand jury at the first or spring term of their respective counties recommend such tax." And by section 404 it is declared that "County taxes shall be assessed for the following purposes: 1. To pay the legal indebtedness of the county due, or to become due during the year, or past due. 2. To build or repair court-houses or jails, bridges or ferries, or other public improvements, according to the contract. 3. To pay sheriffs', jailers', or other officers' fees that they may be legally entitled to, out of the county. 4. To pay coroners all fees that may be due them by the county for holding inquests. 5. To pay the expenses of the county, for bailiffs at courts, non-resident witnesses in criminal cases, fuel, servant hire, stationery, and the like. 6. To pay jurors a per diem compensation. 7. To pay expenses incurred in supporting the poor of the county, and as otherwise prescribed by this Code. 8. To pay charges for educational purposes, to be levied only in strict compliance with the law. 9. To pay any other lawful charge against the county."

In the case of *Mitchell* v. *Speer,* 39 *Ga.* 56, in dealing with the question of the purposes of county taxation, as enumerated above, this court, McCay, J., delivering the opinion, says: "It is clearly the intent of the code . . that the county taxes shall be

assessed specifically for the several purposes authorized by law. Section 550 [the provisions of which are embodied in section 405 of the Political Code] says that the order of the county assessing the tax shall specify the per cent. levied for each specific purpose, and this just after section 548 [the provisions of which are embodied in section 404 of the Political Code] has specified, in detail, the several purposes for which county taxes may be laid. We think this is a wise provision. Every order assessing a tax should specify the per cent. laid *for each of the nine specific purposes* mentioned in section 548. And if there be a tax laid for any purpose not there included, by virtue of some other law, the per cent. laid for that purpose should be stated in the order."

The order, therefore, lawfully laying a tax under the provisions of the law now under consideration, must specify the object for which it is imposed, the per cent. upon the State tax levied for each specific purpose; and in no event must the aggregate of the per cents. levied for the several specific purposes authorized by law exceed fifty per cent. upon the amount of the State tax for the year it is levied; that is to say, if the State should lay a tax of one per cent., the aggregate of the per cents. levied by the county for the various specific purposes for which it is authorized to impose taxes upon the property, "value or specifics," upon which the State tax was laid, could in no event exceed one half of one per cent. It will be noted by the language of section 405, supra, upon which the defendants in error rely for their authority to levy the tax complained of, that it is declared that the order of assessment "must specify the per cent. levied for each specific purpose." It is difficult for us, under this language, to ascertain where the authority is given to levy a specific tax. While the power is confined to an assessment for each of the specific purposes for which county taxes may be laid, the declaration is equally as positive that the order of assessment must specify a rate per cent. for each of those purposes. This is the power and the whole power given by this section of the code as to the manner of taxation. It is further declared, in specifying the objects of such taxation, that the assessment applies to every

species of value or specifics which is taxed by the State; but this enumeration of objects which may be taxed in no way changes the manner of such taxation, but when the assessment is made to apply to such objects under this section, then the power to tax such objects is limited to a *rate per cent.* for each of the specific purposes enumerated.

3, 4. It is clear, as a sequence of what has been said, that where the authorities of Dougherty county, relying for their power so to do upon the provisions of the law hereinabove quoted, imposed a tax of fifty dollars for the year 1897 on all dealers in spirituous or malt liquors, etc., doing business in that county, and it appears that in the order assessing the same the tax is arbitrarily laid as a supplement to the ad valorem tax levied for roads and bridges fund, and is not assessed with reference to a specified per cent. upon the State tax for the particular purpose, the tax thus imposed was unauthorized by law; and being so, the court erred in refusing to grant an injunction to restrain its collection by levy and sale. *Vanover* v. *Davis,* 27 *Ga.* 354; *Wright* v. *Southwestern Railroad,* 64 *Ga.* 783; *Southwestern Railroad* v. *Wright,* 68 *Ga.* 311; *S., F. & W. Ry.* v. *Morton,* 71 *Ga.* 30.

> *Judgment reversed.    All the Justices concurring.*