111 Ga. App. 772 (1965)
143 S.E.2d 416
CITY OF COLUMBUS
v.
ATLANTA CIGAR COMPANY, INC. et al.
41219.
Court of Appeals of Georgia.
Argued March 15, 1965.
Decided May 12, 1965.
Rehearing Denied June 7, 1965.
Davis & Davis, L. L. Davis, Lennie F. Davis, for plaintiff in error.
Norton & Cooper, William L. Norton, Jr., contra.
JORDAN, Judge.
This was a suit for declaratory judgment to determine the legality and constitutionality of Ordinance No. 64-9 of the City of Columbus, adopted March 2, 1964, which purported to levy upon "every person who sells, stores or delivers cigarettes" in the City of Columbus, a "license tax" in an amount equal to "two cents for each twenty cigarettes or fraction of said number, contained in the package sold, stored or delivered."
The trial court by agreement of the parties considered the case on the pleadings, there being no issues of fact involved, and entered a judgment declaring the ordinance to be null and void for the reasons that (1) it was contrary to Code Ann. § 92-3446a which provides that no municipality may levy or collect a sales or use tax except on beer and wine; (2) the field of taxation purportedly covered by the ordinance had been pre-empted by the Georgia Retailers' and Consumers' Sales and Use Tax Act (Code Ann. Ch. 92-34a) and the Georgia Tobacco Tax Act (Code Ann. Ch. 92-22); and (3) the ordinance was a special law enacted in a field for which provision had already been made by general law and was thus in violation of Art. I, Sec. IV, *773 Par. I of the Constitution of the State of Georgia (Code Ann. § 2-401).
The defendant city has excepted to this judgment, bringing the case to this court for review.
1. The mere fact that the tax imposed by Ordinance No. 64-9 is designated as a "license tax" is not controlling, as the basic nature of a tax must be determined by what it does and not by the name given it by the taxing authority. Home Ins. Co. v. City of Augusta, 50 Ga. 530; Publix-Lucas Theaters, Inc. v. City of Brunswick, 206 Ga. 206, 213 (56 SE2d 254).
Ordinance No. 64-9 by its express terms applies to every person (real or artificial) who sells, stores or delivers cigarettes in the City of Columbus and a tax of two cents is placed upon every pack of cigarettes which is sold, stored or delivered within the municipality. Under the terms of the ordinance, it is immaterial whether such person is engaged in the business or occupation of selling, storing or delivering cigarettes, and anyone who has had possession within the city limits for more than six hours of a pack of cigarettes upon which the taxes have not been paid is subject to the penal provisions of the ordinance.
It is thus clear that the tax imposed by this ordinance is not a fixed license or occupation tax imposed upon one for the privilege of engaging in a business or occupation but is a sales and use tax imposed upon the individual transactions of selling, storing, or delivering cigarettes. "Where a license is required as a condition precedent before a business or occupation can be carried on, and the fee or tax is required in payment of such license, the tax imposed is a license tax, and not one upon occupation. A tax assessed on the occupation or business in which such license authorizes one to engage is an occupation tax." Inter-city Coach Lines. Inc. v. Harrison, 172 Ga. 390 (3a), 396 (157 SE 673); City of Waycross v. Bell, 169 Ga. 57, 61 (149 SE 641).
The tax imposed by this ordinance being a sales and use tax by its very nature (See Fidelity & Casualty Co. of N. Y. v. Whitaker, 176 Ga. 656, 168 SE 607) rather than a fixed license or occupation tax, the ordinance is clearly contrary to Code Ann. § 92-3446a which provides: "No county, municipality, school district or political subdivision of the State, shall impose, levy, or collect a gross receipts, sales or use tax, or tax on amusement *774 admission or services included in this Chapter: Provided, however, that the provisions of this section shall not be construed to apply to a fixed license, occupational or franchise tax based on gross receipts or on a gross receipts basis and provided further that no county or municipality shall be prohibited from levying or collecting an excise tax on malt beverages and/or wine."
The contention of the defendant city that this ordinance is not in conflict with the State Act because the ordinance places the legal incidence of the tax upon the seller, storer or deliverer while the State Act places the legal incidence of the tax upon the purchaser, user, or consumer is without merit. Code Ann. § 92-3446a forbids the imposition of a sales or use tax by a municipality, and it makes no distinction with regard to where the legal incidence of such tax is placed. The fact that the legislature amended the Georgia Retailers' and Consumers' Sales and Use Tax Act specifically to provide that the legal incidence of the tax imposed by that Act is upon the purchaser (and not upon the seller, as had been held by the Supreme Court in Oxford v. J. D. Jewell, Inc., 215 Ga. 616, 112 SE2d 601) is immaterial in the determination of this issue.
It is likewise immaterial that the defendant city has sought to impose this tax only upon the sale, storage or delivery of cigarettes and not upon other specified commodities or upon sales in general, for if it has the authority to impose this tax upon cigarettes then it could impose a like tax upon any other commodity and could levy a separate tax on every item sold by a merchant in his store, or likewise levy a tax upon any items sold, stored or delivered by any person within the municipality as it sought to do in this case with the subject matter of cigarettes. This the defendant city could not do for it has been held that where a municipality is simply given the power under its charter to impose a license or occupation tax upon a business, as here, it cannot divide such business into its constituent elements, parts, or incidents, and levy a separate tax on each or any element, part, or incident thereof. Wofford Oil Co. v. Town of Willacoochee, 184 Ga. 275 (191 SE 128); Publix-Lucas Theaters, Inc. v. City of Brunswick, 206 Ga. 206, 212, supra.
When viewed in this light, it is clear that the defendant city has attempted to levy and collect a sales and use tax under the *775 terms of this ordinance and has thus attempted to enter a field of taxation pre-empted by the State of Georgia under the Georgia Retailers' and Consumers' Sales and Use Tax Act, which Act expressly forbids the exaction of a municipal sales or use tax except upon beer and wine. For this reason, the trial court did not err in declaring Ordinance No.64-9 to be null and void.
2. In view of the fact that the right to exact a sales and use tax has been pre-empted by the State and expressly forbidden to municipalities except as to the levy of an excise tax on beer and wine, and since the State by general law has made provision for the sale of cigarettes and the licensing, taxation and control of the same under the Georgia Tobacco Tax Act (Code Ann. Ch. 92-22), the trial court did not err in its further ruling that Ordinance No.64-9 is repugnant to Art. I, Sec. IV, Par. I of the Constitution of the State of Georgia (Code Ann. § 2-401) which provides: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."
As to this constitutional provision, it was held in City of Atlanta v. Hudgins, 193 Ga. 618, 623 (19 SE2d 508), as follows: "Territorial uniformity is definitely required, and the subject matter of an existing general law is put beyond the reach of special laws. The broad objective of this paragraph of the Constitution was manifestly to prevent the confusion and uncertainty that would necessarily result if there existed at the same time a general law and a special law dealing with or regulating the same subject matter. It was intended to insure that once the legislature entered a field by enacting a general law, that field must thereafter be reserved exclusively to general legislation and could not be open to special or local laws. The terms of the Constitution do not limit this rule to those fields and subjects which have been completely exhausted by a general law. It embraces every field and subject which has been covered, though superficially, by a general law. If such a law is not exhaustive and fails to reach every minute element of the subject dealt with, the remedy, and the only constitutional remedy for a more exhaustive legislative treatment, is by amendment of the general law by a general enactment. It can not be done by amending *776 or supplementing the general law by a special law. This provision of the Constitution would be nullified if by play upon words and definitions the courts should hold valid a special law when there existed at the time of its enactment a general law covering the same subject matter. The mere fact that the special law deals with some remote segment or element of the general subject embraced in the general law, which segment or element is not dealt with by the general law, does not alter the fact that such a special law is enacted in a case where provision has been made by an existing general law."
Under the general law of this State the defendant city clearly had no right to levy a local sales and use tax on cigarettes and to make penal the possession of cigarettes upon which the local tax had not been paid; and Ordinance No. 64-9, insofar as it attempted to do so, clearly comes within the constitutional mandate that no special law shall be enacted in any case for which provision has been made by an existing general law. McAllister v. State, 220 Ga. 570 (140 SE2d 828); Benton Bros. &c. Co. v. Mayor &c. Savannah, 219 Ga. 172 (132 SE2d 196); Beard v. City of Atlanta, 91 Ga. App.584 (86 SE2d 672).
Judgment affirmed. Felton, C. J., and Russell, J., concur.