### 27043. LAKE LANIER THEATRES et al. v. HALL COUNTY et al.

HAWES, Justice. The principal question presented by this appeal is whether the imposition of a business license tax by Hall County upon places of amusement charging an admission fee and excluding therefrom places of amusement which do not charge an admission fee but derive their revenue from other charges, violates the due process and equal protection clauses of the Federal and State Constitutions. At the 1970 session of the General Assembly there was proposed a local constitutional amendment applicable to Hall County which authorized the Board of Commissioners of Hall County, Georgia, to levy, assess and collect for regulatory and revenue purposes license fees, occupational taxes and amusement taxes from any person, firms, or corporations (except those subject to regulation by the Georgia Public Service Commission) who may maintain a place of business or in any manner engage in any type of business in Hall County outside the limits of incorporated municipalities. Ga. L. 1970, pp. 1032-1034. That amendment was duly ratified by the voters of Hall County. It further authorized the board of commissioners to classify businesses and to assess different license fees, occupational taxes and amusement taxes against different classes of business. Pursuant to that amendment the Commissioners of Hall County passed a resolution imposing a tax of 5 percent on the amount paid for admission to any places, including admission to a series of events, admission by season ticket or subscription, said tax to be imposed

upon the person paying such admission, and said tax to be collected by the person, firm or corporation receving such payments for admissions. Lake Lanier Theatres, Inc., and John Thompson Theatre Enterprises, Inc., filed suit in the Superior Court of Hall County to enjoin the collection of said tax. Road Atlanta, Inc., was later allowed to intervene therein as a party plaintiff. The trial court granted the defendants' motion to strike or dismiss paragraphs 7, 8, 9, 10 and 11 of the plaintiffs' complaint, which paragraphs embodied all of the substance of the plaintiffs' contentions with respect to the illegality of the taxes, and that judgment is the subject of this appeal. A certificate of immediate review was filed. *Held:*

1. The constitutional provision respecting uniformity of taxation (Art. VII, Sec. I, Par. III, *Code Ann.* § 2-5403) refers to subjects of taxation other than property and means only that if one kind of business, privilege, franchise, right, etc., is taxed, the tax shall be uniform upon all of those who engage in that business. *Mayor &c. of Savannah v. Weed,* 84 Ga. 683, 686 (11 SE 235, 8 LRA 270); *Singer Mfg. Co. v. Wright,* 97 Ga. 114, 116 (25 SE 249, 35 LRA 497); *Wright v. Hirsch,* 155 Ga. 229, 235 (116 SE 795). As was observed in the latter case (p. 236), the power of the legislature to classify persons for the purpose of taxation is undisputed, and the power to classify necessarily includes the power to sub classify. It was never the intent of the framers of our Constitution that the legislature could not impose a tax on any occupation or calling unless it imposed a tax on all occupations and callings. *McGhee v. State,* 92 Ga. 21, 26 (17 SE 276). The only requirement with respect to classification is that the classification must be based on some reasonable ground. This is about as accurately as the rule can be stated. The classification must be based on some difference which bears a just and proper relation to the attempted classification. *Wright v. Hirsch,* supra, p. 240. From a reading of the authorities, it is plain that the right to classify

businesses and occupations for the purpose of imposing a license tax upon them lies largely within the discretion of the legislative body imposing the tax, and that in the absence of a clear showing of an abuse of that discretion the courts ought not to interfere with its exercise. The constitutional amendment authorizing Hall County to impose business license taxes vests discretionary power in the Board of Commissioners of Hall County, and we cannot say that in imposing the tax here complained of on places of amusement charging an admission fee and not upon other places of amusement they have abused their discretion. The reasonable exercise of that discretion, even to the extent of imposing a tax on one class and none on other classes does not violate constitutional gaurantees of equal protection and due process. *Southern Transfer Co. v. Harrison,* 171 Ga. 358 (155 SE 338).

Nothing which was ruled by this court in *Richmond County v. Richmond County Business Assn.,* 228 Ga. 281 (185 SE2d 399) conflicts with the ruling which we here make. In that case the basis upon which we invalidated the Richmond County ordinance was that it imposed the tax on businesses located outside municipalities while the funds derived therefrom were utilized for county-wide services for the benefit of all residents of the county whether within or without the municipalities, and, as such, it violated the due process and equal protection clause of the 14th Amendment of the U. S. Constitution. There was no attack on the ordinance in this case like the attack made in the Richmond County case. No issue was raised here as to whether the funds derived from the tax are to be used within municipalities as well as outside or merely outside. Furthermore, no question was raised in the trial court or sought to be raised in this court that the tax here is a sales tax imposed in violation of the provision of the Act approved February 20, 1951 (Ga. L. 1951, pp. 360, 387; *Code Ann.* § 92-3446a) which prohibits the imposition of sales or use taxes by political subdivisions of the State.

2. The exemption from the taxes here in question of admissions paid where the proceeds inure exclusively to the benefit of a church or association of churches; or, to the benefit of a public school, private school, public or private college; or to any corporation or foundation organized and operated exclusively for charitable purposes which is exempt under the Internal Revenue laws of the United States; or to any society or organization conducted for the sole purpose of maintaining a musical group and receiving substantial support from voluntary contributions; or to National Guard organizations, Army Reserve Units, posts or organizations of war veterans or their auxiliaries, provided no part of their earnings inures to the benefit of any individual or stockholder; or to benefits of a municipal or county police or fire department if no part of the net earnings thereof inures to the benefit of any private person or stockholder, manifested an intent to exempt charitable and non-profit enterprises from the burden of the tax and was not an unreasonable classification for the purposes of exemption.
3. The trial court did not err in rendering the judgment appealed from.

*Judgment affirmed. All the Justices concur.*
ARGUED FEBRUARY 14, 1972—DECIDED APRIL 20, 1972.

*R. Wilson Smith, Jr., John H. Smith, Robinson, Buice, Harben & Strickland, B. Carl Buice,* for appellants.

*Greer, Sartain & Carey, Tifton S. Greer, J. Nathan Deal,* for appellees.

