## 29479. CHANIN v. BIBB COUNTY et al.
## 29480. BLACKMON v. CHANIN.

HALL, Justice.

This appeal challenges the constitutionality of the 1974 Uniform Beer Tax Act (Ga. L. 1974, p. 1447, hereinafter, "the 1974 Act") as well as two related taxing ordinances of Bibb County. The trial court upheld the ordinances and the Act, with the exception of the "grandfather" clauses of the latter.

The background of the litigation includes this court's ruling in *Blackmon v. Golia,* 231 Ga. 381 (202 SE2d 186), that the 1973 Uniform Beer Tax Act, predecessor of the 1974 Act, was unconstitutional. Following the demise of that Act, and prior to the passage of the 1974 Act, on December 4, 1973, Bibb County adopted an ordinance

purporting to levy license taxes upon retail dealers in the basic amount of 4.25 cents per 12 ounce container of beer and 80 cents per gallon of wine on all sales in Bibb County outside the corporate limits of municipalities. That tax was to be assessed in addition to the previously established flat license fees of $200 and $100 for each beer and wine retailer respectively. The transaction taxed was the delivery by wholesalers to retailers. The ordinance further declared that it was for regulatory purposes, and that revenue therefrom would go entirely to county uses outside municipalities. The revenue generated was expected to be approximately $120,000, to be collected from only 12 businesses.

Plaintiff-appellant Chanin, a beer and wine retailer, filed suit contesting the legality of the December ordinance, naming as defendants Bibb County and numerous beer and wine wholesalers. During the pendency of his suit, the governor approved the 1974 Act directing the imposition of an excise tax upon wholesalers upon the sale of malt beverages in municipalities and counties permitting such sales. One important aspect of that Act was its stipulation that counties presently using a different rate of taxation might have three years to achieve a gradual conformity to the Act's levy of, basically, 5 cents per 12 ounce container. Another aspect of the Act was its frequent use of the phrase "and/or" such that it was not immediately apparent whether it was intended that the tax be imposed by counties *and* by their included municipalities, or by counties *or* their included municipalities in mutually exclusive fashion.

Pursuant to the Act, on April 12, 1974, Bibb County adopted an ordinance purportedly based upon the 1974 Act, repealing the December tax and enacting a new excise tax in the amount of, basically, 5 cents per 12 ounce container, "in addition to other licenses and taxes. . ." By amendment to his complaint Chanin attacked the constitutionality of the 1974 Act and the legality of the April ordinance. Thereafter, the State Revenue Commissioner was permitted to intervene, and all issues were submitted to the court on stipulated facts.

On September 19, 1974, the trial court ruled that neither the ordinances nor the 1974 Act was un-

constitutional except as to the "grandfather" clauses of the latter which that court found to be severable. Accordingly, Chanin was denied all relief sought, and he appeals from that judgment. In a cross appeal, the commissioner urges the validity of the grandfather clauses. An amicus brief has been filed in this court asserting the unconstitutionality of the 1974 Act on numerous grounds.

1. Considering first the December ordinance, Chanin argues that it imposed not a license tax but an excise tax, and as such was beyond the county's authority to enact. The trial court found that the tax was a license tax for which Bibb's authority was a constitutional amendment, Ga. L. 1961, p. 611 et seq., which in Section 1 thereof authorized Bibb to "assess and collect license fees and taxes, either or both, against and from all persons . . . conducting business in any area of Bibb County outside the incorporated limits of municipalities. . ." We must decide whether the tax imposed by the December ordinance fell within the scope of "license fees and taxes," and to do so we must examine the scope of "license fee" and "license tax."

"A liquor license exaction for regulation merely, and not for revenue, is not a tax. . ." 9 McQuillin, Municipal Corporations, § 26-187 (1964). Georgia cases seem to recognize impliedly, if not expressly, this difference: License fees are for regulation; license taxes are for revenue. See *Pharr Road Investment Co. v. City of Atlanta,* 224 Ga. 752 (164 SE2d 803); *Richmond County Business Assn. v. Richmond County,* 224 Ga. 854 (165 SE2d 293). Because the 1961 local amendment authorized both, the purposes of regulation and of raising revenue could be served by a valid enactment of a licensing kind. However, we must still decide whether the exaction imposed by the December ordinance was a license fee, a license tax, or something else.

The distinction between license taxes and fees and other exactions has frequently been addressed in the following language: "There is . . . a clear distinction between a license granted or required as a condition precedent before a certain occupation or business can be carried on, and a tax assessed on the occupation or

business in which the license may authorize one to engage. There is such distinction between license fees, or license taxes and occupation taxes, and other ordinary taxes. . . . It is true that a license tax may be imposed for raising revenue, or as a police regulation, or for both purposes. Where a license is required as a condition precedent before a business or occupation can be carried on and a fee or tax is required in payment of such license, the tax imposed is a license tax, and not one upon occupation. A tax assessed on the occupation or business in which such license authorizes one to engage is an occupation tax. *City of Waycross v. Bell,* 169 Ga. 57, 61 (149 SE 641)." *Inter-City Coach Lines v. Harrison,* 172 Ga. 390, 396 (157 SE 673). Georgia cases provide no sharp delineation between license fees, taxes, and other exactions, sufficient to allow us to decide this case under persuasive precedent. However, as we consider the incidents and operation of this tax, we conclude that it was not a license fee or tax imposed as a condition precedent to engaging in business but was a tax imposed upon certain wholesale purchases of beer. See generally, 9 McQuillin, supra, §§ 26.15-26.21, 26.29, 26.36, 26.40 (1964); 16 id. §§ 44.12, 44.190 (1972). As such, it was beyond the power of Bibb County to impose, that power being limited to the imposition of license fees and taxes, and consequently it must fall.

We decide as we do for three basic reasons. 1. Prior to the attempted December tax on malt beverages and wine, Bibb County had a license tax ordinance imposing flat license fees for these businesses; thus we conclude that Bibb County attempted to impose another tax above and beyond its existing license tax. 2. Unlike a license tax, which may be imposed as a condition precedent to the right to do business, this tax was collected incident to certain sales of merchandise and was thus imposed upon certain acts of conducting a business, which is more characteristic of an excise tax than of a license tax. See *Head v. Cigarette Sales Co.,* 188 Ga. 452, 457 (4 SE2d 203). Cf. *City of Columbus v. Atlanta Cigar Co.,* 111 Ga. App. 774, 775 (143 SE2d 416).[1] 3. Because the taxing power of

---

[1]"It is thus clear that the tax imposed by this

counties is severely limited, unless the county has clear authority for a given exaction it must fall (*Albany Bottling Co. v. Watson,* 103 Ga. 503 (30 SE 270)), and we must construe all doubtful cases against the power to tax and in favor of the taxpayer. " 'A County can only exercise the power of taxation as conferred upon it either directly by the Constitution or by the General Assembly when authorized by the Constitution . . . If there is any doubt as to the power of the county to tax in a particular instance, it must be resolved in the negative.' " *DeKalb County v. Brown Builders Co.,* 227 Ga. 777, 778 (183 SE2d 367). We conclude that the attempted December tax was unauthorized.

In reaching this conclusion we are not unmindful of the fact that Bibb County in its December ordinance designated this exaction as a license tax. The designation of the county is entitled to some consideration, but it is by no means conclusive. *Home Ins. Co. of New York v. City Council of Augusta,* 50 Ga. 530. See *City of Columbus v. Atlanta Cigar Co.,* 111 Ga. App. 774 (143 SE2d 416). Furthermore, the fact that by a differently drafted amendment to its licensing ordinance Bibb County might have validly accomplished much the same result it attempted here—assuming the result desired is the collection of large amounts of revenue from only a few businesses—will not save it. See *Chandler v. City of Tifton,* 206 Ga. 43, 48 (55 SE2d 568).

Bibb County argues that Code Ann. § 92-3446a recognizes its right to impose an excise tax upon beer and wine, and that Code Ann. §§ 58-716, 58-717, 58-804 and 58-805 permit it to impose a license tax in a reasonable manner including a graduated manner. In answer we say that the portion of § 92-3446a invoked by the county grants no power—it merely states that the section was not intended as a prohibition upon any otherwise existing power of counties to levy an excise tax upon these items.

---

ordinance is not a fixed license or occupation tax imposed upon one for the privilege of engaging in a business or occupation but is a sales and use tax imposed upon the individual transactions of selling, storing, or delivering cigarettes." Id.

But Bibb County has not shown any otherwise existing power. The cited sections from Code Chapter 58 similarly do not justify this exaction. Those sections permit annual license fees with reference to beer and wine sales. We have ruled that this was not a license tax or fee, graduated or otherwise. Finally, there is nothing in the Home Rule for Counties amendment to the Georgia Constitution (Art. XV, Sec. II; Code Ann. Ch. 2-84) which grants to counties any new power to tax, because that amendment states that "the power granted to counties . . . above shall not be construed to extend to . . . 4. Action adopting any form of taxation beyond that authorized by law or by this Constitution." Code Ann. § 2-8402 (c).

The trial court erred in refusing Chanin the relief sought in so much of his complaint as attacked the December ordinance. Our voiding the ordinance for the reasons given pretermits any consideration of other challenges to its legality.

2. It is next contended that the 1974 Act violates the requirement of Art. VII, Sec. I, Par. III of the Georgia Constitution (Code Ann. § 2-5403) that "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Chanin, as the trial court aptly observed, attempts to impale the Act upon the horns of a dilemma: If the Act requires a county to collect the tax on all sales made within its boundaries, including municipalities, then the tax will be invalid because not uniform throughout the state—that is, sales within municipalities within counties will be doubly taxed; on the other hand, if it requires the county to collect the tax only on sales made within the unincorporated areas thereof, then it will be invalid because not uniform as to all sales made within the county.

Considering this contention, it was established in *Golia* that the taxing authority is not the county, but the state. Uniformity within the state is, therefore, what is required, and concepts of uniformity within the county are not involved.[2] Considering the authority for the tax,

---

[2]Therefore, *Fulton County v. Lockhart,* 202 Ga. 878 (45 SE2d 220), is inapplicable. *Lockhart* struck down an

Chanin urges that the General Assembly is without authority to direct a county to impose a malt beverage excise tax at all, and urges that we reconsider *Golia,* which ruled to the contrary. We decline to do so, and reaffirm the *Golia* ruling that absent a constitutional prohibition, and none has been shown here, the legislature has the power not only to authorize but also to direct cities and counties to levy taxes for local purposes. Therefore, the state had the power to require the county to collect the tax, and exercised this power in the 1974 Act, which was a state levy for local purposes. Uniformity within the state will not be violated if the tax is imposed by the county only on sales within its unincorporated areas and by municipalities on sales within their boundaries.

We are thus led to the next question, which is whether the legislature intended the Act to be read to effectuate the result that municipalities shall tax within their boundaries, and counties shall tax only within their unincorporated areas, or whether the "and/or" phraseology of the Act is too ambiguous to be salvaged.

We should give effect to the intention of the legislature where such a result is possible. Code § 102-102 (9). We are entitled to consider, in determining the intent of the legislation, the over-all scheme of the basic Act amended by the 1974 Act, and the circumstances surrounding the amendment. The basic Act, Ga. L. 1935, p. 73 et seq., providing initially for excise and license taxes on malt beverages, required that counties should exact the license fee of the businesses located outside a municipality, but that businesses located within municipalities should pay a license tax to the municipality and that no county license fee should be required of them. Id., Sec. 7. This shows a legislative scheme for mutually exclusive licensing by counties and municipalities—similar to the scheme contended for here

_____

attempt by the legislature to allow Fulton County to tax businesses in the unincorporated areas of the county. However, the focus in that case was uniformity within the *county,* because the county was the taxing authority. In the instant case, the state is the taxing body.

in support of the 1974 Act. Moreover, before passing the 1974 Act, the legislature had enacted a very similar statute, which in *Golia* we ruled unconstitutional because non-uniform in certain respects. Plainly, the legislature was trying once more to impose the tax here considered, and we need not necessarily frustrate this intent where such a result is avoidable; indeed, we should not. "We should go at a snail's gait in declaring legislative enactments, and especially tax Acts, upon which the very life of the state depends, unconstitutional and void." *Wright v. Hirsch,* 155 Ga. 229, 233 (116 SE 795). Accord, *Black v. Blanchard,* 227 Ga. 167, 168 (179 SE2d 228). It is by no means required that we read the legislature's "and/or" language to require the absurd result—plainly violative of the uniformity provision—that sales within municipalities should be doubly taxed. Tax laws should be read to avoid this result. *Ga. R. & Bkg. Co. v. Wright,* 125 Ga. 589, 593 (54 SE 52), rev'd on oth. gr. 207 U. S. 127.

We rule that the Act may be and hereby is construed to require that these taxes be imposed in mutually exclusive fashion, by municipalities within their boundaries and by counties within their unincorporated areas, and that the requirement of uniformity of taxation is not violated by any portion of the Act, exclusive of subsections (b) and (c) of Section 5A, the grandfather clauses, which we next consider.

We note first that *Golia* is not controlling here. In that case, we did not reach the question of the permanent "grandfather" clause, because we found the 1973 Act violative of the uniformity requirement because it "delegates the authority to fix the tax within limitations to the local governments. This permits the tax rates to vary between local governments and consequently is not uniform." 231 Ga. 384. The 1974 Act's grandfather clauses give counties three years to bring their tax levels into line with the 1974 Act, and the trial court ruled that the differing classifications thus drawn were without reasonable justification.

It is contended by the commissioner that the Act's delineation of differing classes of beer wholesalers, that is, those within counties where the tax is above the Act's amount, equal to it, or below it, is reasonable given its

purpose to level the assessment gradually without undue sudden stress upon any county budget.

Where uniformity of taxation is involved, reasonableness of classification is all that is required. *Lake Lanier Theatres v. Hall County,* 229 Ga. 54 (189 SE2d 439); *Wright v. Hirsch,* 155 Ga. 229, supra. The interplay between the requirement for uniformity and the power to draw reasonable classifications has been addressed in *Wright v. Hirsch,* supra (p. 240): "The legislature is not required to place all merchants in the same class. It can put fur merchants in one class and tax members of that class. It could subdivide this class, if there were reasonable ground for the subdivision. On the same principle, it can make classes of cigar dealers. It can classify them as wholesale and retail. It can place city cigar dealers in one class and county cigar dealers in another. It can tax one and leave the other untaxed. But when it makes such a classification, it must put the same tax upon each city dealer and provide the same method for collecting the tax from each member of the class. This brings us to consider the limitations upon the power of the legislature to make classifications of subjects for occupation taxes. . . Classification must be based on some reasonable ground. It can not be an arbitrary selection. This is about as accurately as the rule can be stated. . ."

The Commissioner argues that "this gradual implementation of a new uniform rate throughout the state allows the counties and municipalities to adjust their intra-county and intra-municipal tax structure so as to compensate for the loss or gain of income arising from a new tax rate." However beneficial such a system may seem to local budgets, we cannot agree that it meets the requirements of the uniformity provision. Where the object of the provision is to insure that uniformity within a class over the state is achieved, and where the requirement for a class is that it be based upon some reasonable ground, it is per se unreasonable to create classes of taxpayers based only on prior non-uniformity of taxation within their differing areas. This merely prolongs non-uniformity and is not permissible.

The uniformity provision of the Constitution is violated by subsections (b) and (c), and the superior court

did not err in declaring them void on that ground. However, the remainder of the Act does not fall with them, because the legislature clearly provided, in each of those subsections individually as well as in a general severability provision, that in the event that subsections (b) and (c) should be found unconstitutional they should merely be dropped without disturbing the other provisions. The Act is whole and complete without them, and they are clearly severable, as the superior court ruled.

3. Chanin attacks the April ordinance, based on the 1974 Act, on the grounds that nothing in the Act authorizes Bibb's attempts to collect the tax only on sales in unincorporated Bibb, and further that such a scheme of taxation violates the requirement of uniformity. The foregoing discussion of the constitutionality of the 1974 Act suffices to show that there is no merit in these contentions.

4. It is contended against the 1974 Act that the legislature has directed the counties to tax, but the purpose of the taxation does not come within the terms of Art. VII, Sec. II. Par. I of the Georgia Constitution (Code Ann. § 2-5501) listing state purposes for taxation and therefore violates Art. VII, Sec. I, Par. III (Code Ann. § 2-5403) which requires that taxation be "for public purposes only." Although the argument based on Code Ann. § 2-5501 was not raised in the trial court, the short answer to this entire attack is that the 1974 Act does not impose a state tax for state purposes, which would invoke these constitutional provisions; instead, it imposes a state tax for local purposes, and the counties' adherence to the tests of Code Ann. §§ 2-5701 and 2-5702 delineating the allowable scope of county purposes of taxation is all that is required. See *Blackmon v. Golia,* 231 Ga. 381, 383, supra; *Wright v. Fulton County,* 169 Ga. 354, 359 (150 SE 262).

5. Chanin contends that "the 1974 Beer Tax Act, although passed and enacted by one taxing unit [the state] so as to affect all those individuals within its territorial limits, directs another taxing unit [the county] to impose a tax upon the citizens within its territorial limits without regard to any particular public need of the latter taxing unit," and that it therefore deprives beer consumers and purchasers of their property [taxes]

without due process, in that no coherent plan for tailoring taxation to need is involved, and additionally violates the concepts of home rule in overriding local discretion regarding taxes for local needs. The heart of this contention is that the state legislature should not be presumed to know local public needs. Though the "home rule" contention was presented in summary fashion in Chanin's second amendment to his complaint, the trial court noted in its opinion that the point was not argued. The due process argument was not ruled upon by the trial court, nor was the failure to rule thereon enumerated as error. Accordingly, neither of these two contentions is properly before us on this appeal, and we do not decide them.

*Judgment in No. 29479 affirmed in part, reversed in part, and remanded for the entry of an appropriate order respecting protective orders heretofore filed in this litigation. Judgment in No. 29480 affirmed. All the Justices concur, except Gunter, Jordan and Ingram, JJ., who dissent.*

ARGUED JANUARY 13, 1975 — DECIDED APRIL 9, 1975 — REHEARING DENIED MAY 6, 1975.

*Melton, McKenna & House, Mitchell P. House, Jr., E. Thomas Shaffer,* for Chanin.

*Sell, Comer & Popper, E. S. Sell, Jr., Lefkoff & Hanes, Paul Hanes, Winburn E. Stewart,* for Bibb County et al.

*Arthur K. Bolton, Attorney General, Gary B. Andrews, Assistant Attorney General,* for Blackmon.

*Richard W. Lay, Sam S. Harben, Jr.,* amicus curiae.

GUNTER, Justice, dissenting.

I dissent from Division 1 of the majority opinion and that part of the judgment holding the December, 1973 Ordinance void.

Whether the tax levied by that Ordinance be denominated a license tax, or an excise tax, or an occupation tax, I think the Bibb County Board of Commissioners had the power and authority to enact the

Ordinance for the levy and collection of the taxes imposed.

A 1949 local Act provided that the Bibb County Board of Commissioners was "authorized and empowered to levy, assess, require, charge, and collect license and occupation taxes, for revenue, and licenses, fees, charges and permits for regulatory purposes, upon any and all trades, occupations, and callings and upon persons owning or conducting the same, located in that portion of Bibb County lying outside the corporate limits of any municipality." Ga. L. 1949, p. 2017. This local Act has constitutional status by virtue of a Local Constitutional Amendment. Ga. L. 1950, p. 434.

I think the tax imposed by the 1973 Ordinance was a valid license tax, but even if it were not, Bibb County had the power and authority to levy the tax for revenue purposes or regulatory purposes, or both, under the 1949 Local Act and the 1950 Local Constitutional Amendment.

I would uphold the validity of the 1973 ordinance, and therein lies my only disagreement with the majority.

I respectfully dissent. I am authorized to state that Justice Jordan and Justice Ingram join in this dissent.