30337. STATE OF GEORGIA et al. v. GOLIA et al.

INGRAM, Justice.

This litigation began when Charles Golia (a distributor of malt beverages in the City of Arcade), James Palmer and George Waldrop (citizens, taxpayers, voters and consumers residing in the City of Arcade) filed an action in the Superior Court of Jackson County on

behalf of themselves and others similarly situated seeking a judgment declaring the Uniform Beer Tax Act (Ga. L. 1974, p. 1447; Code Ann. § 58-706.1) to be unconstitutional and praying for an injunction against the enforcement of that Act. Named as defendants in the complaint were the Mayor and Councilmen of the City of Arcade, six licensed malt beverage wholesalers serving the City of Arcade and the State Revenue Commissioner, Nick P. Chilivis.

The State Revenue Commissioner, represented by the Attorney General, filed an answer denying the material allegations of the complaint and also filed a motion to dismiss asserting two grounds: (1) the complaint failed to state a claim against the Revenue Commissioner; and (2) the complaint failed to state a claim against the "defendants, separately or collectively."

The city defendants subsequently filed their answer admitting all of the allegations of the complaint and alleging that the Uniform Beer Tax Act is unconstitutional. The defendant wholesalers, however, did not at any time file responsive pleadings. Thereafter, on the day of a scheduled hearing, the plaintiffs filed and served on the Revenue Commissioner's attorneys, "Plaintiffs' Voluntary Dismissal of Nicholas P. Chilivis, as State Revenue Commissioner of Georgia, as Party Defendant."

On the same day, after the hearing, the trial court entered an order declaring Code Ann. § 58-706.1 (a) void as violative of the Due Process and Equal Protection Clauses of the Georgia and Federal Constitutions and of the Home Rule Provision of the Georgia Constitution, Art. XV, Sec. I, Par. I (Code Ann. § 2-8301). The trial court enjoined "the defendant City of Arcade, and the defendant wholesale distributors . . . from levying and collecting any excise tax pursuant to the provisions of [§ 58-706.1 (a)] said Act from those retail distributors of malt beverages licensed by the City of Arcade only."

The State Revenue Commissioner was not enjoined from enforcing the Act nor was he included in the caption of the case appearing on the order. Indeed, the only mention of the commissioner contained in the judgment and decree is the following: "[i]t appearing to the court

that plaintiffs have filed their voluntary dismissal as to defendant Nicholas P. Chilivis, as State Revenue Commissioner of Georgia . . ."

Also on the day of the hearing the Revenue Commissioner filed a "Motion in Opposition to Plaintiffs' Voluntary Dismissal of Defendant Chilivis" in which he alleged that the commissioner had an absolute right to be heard on the constitutional attacks upon the Act, and a "Motion to Intervene" wherein he again alleged his right to be heard on the constitutional questions and further asserted that the State of Georgia had a fundamental interest in upholding the Act which will be subtantially affected by the court's judgment. There is nothing in the record, however, which would indicate that the trial court ruled on these motions and the transcript of the hearing is not included in the record on appeal. In due course, a notice of appeal was filed in which the State of Georgia, the Revenue Commissioner and the State Attorney General were designated as appellants in the present appeal from the judgment and decree of the trial court.

I.

Motion to Dismiss Appeal

The appellees (Golia, Palmer and Waldrup) have filed a motion to dismiss this appeal on the grounds that the three appealing parties were not parties to the judgment of the trial court and, therefore, do not have standing to prosecute this appeal.

It is clear from the record that the State of Georgia was not at any time joined as a party-defendant in this action, nor did the state obtain a ruling by the trial court on its motion to intervene. Moreover, the state does not present any argument which would serve to exempt it from the rule applicable generally to litigants in these circumstances. Therefore, the State of Georgia as such does not have standing to appeal from the judgment of the trial court and will be dismissed as an appellant in this appeal. See *Mar-Pak Michigan, Inc. v. Pointer,* 226 Ga. 146 (173 SE2d 219) (1970).

The State Attorney General also was not joined as a party defendant in this action, nor did he file an answer or a motion to intervene in his own name. Nevertheless, he argues that pursuant to Code Ann. § 110-1106 he was

entitled to be heard on the constitutional issues in the trial court and he has standing to appeal from the adverse judgment. This contention is without merit. "[§ 110-1106] does not make the Attorney General a party to the proceeding . . . The purpose of the Act is to give notice to him of a constitutional attack being made on the statute and the opportunity, if he desires, to be heard." *Pharris v. Mayor &c. of Jefferson,* 226 Ga. 489, 490 (175 SE2d 845) (1970). The record discloses that the plaintiff-appellees complied with Code Ann. § 110-1106 by serving the Attorney General with a second original of the complaint at the commencement of the suit. The Attorney General failed to assert his right to become a party litigant in the case pursuant to § 110-1106, but rather elected to participate in the litigation only as the attorney on behalf of the Revenue Commissioner. Therefore, the Attorney General may appeal only in the name and on behalf of the Revenue Commissioner and not himself. See *McCoy v. Sasnett,* 77 Ga. App. 819, 821 (2) (49 SE2d 913) (1948). Consequently, the Attorney General will also be dismissed as an appellant in this appeal.

The Revenue Commissioner, who was joined at the inception of the action as a party defendant, contends that the notice of voluntary dismissal filed against him by the plaintiffs (appellees) was ineffective to remove him from the suit and therefore he has standing to prosecute this appeal. Plaintiffs contend, however, that by filing his motion to dismiss for failure to state a claim as to him, the commissioner requested a ruling which would have had the same efficacy as a valid notice of voluntary dismissal. In effect, appellees argue that since the commissioner obtained the relief he sought in the trial court he is estopped from attacking the dismissal on appeal.

In our opinion, appellees' argument is without merit. A ruling which grants a motion to dismiss under Code Ann. § 81A-112 (b) (6) is an adjudication on the merits of the plaintiffs' claim (see, e.g., *Murrey v. Specialty Underwriters,* 233 Ga. 804 (213 SE2d 668) (1975)), and is not equivalent to a voluntary dismissal under Code Ann. § 81A-141 (a), which (subject to the qualification regarding multiple dismissals), does not prejudice the plaintiffs' claim. Accordingly, we hold the commissioner did not

obtain the relief which he sought in the trial court and he is not estopped from attacking the validity of the voluntary notice of dismissal.

The Revenue Commissioner contends that the notice of dismissal was legally ineffectual for three reasons: (1) Code Ann. § 81A-141 (a) is expressly made subject to Code Ann. § 81A-123 (c) and as this suit was brought as a class action the dismissal was ineffective; (2) § 81A-141 (a) is implicitly subject to Code Ann. § 110-1106 and since the Attorney General desired to be heard through the commissioner, the dismissal of the commissioner was ineffective without the consent of the Attorney General; and (3) § 81A-141 (a) is implicitly subject to § 81A-119 and because the commissioner was an indispensable party to the suit the dismissal was ineffective.

Each of the commissioner's arguments presupposes that Code Ann. § 81A-141 (a) permits a voluntary dismissal of less than all of several defendants by plaintiff. The comparable federal rule (41 (a) (1) (i)) does permit a voluntary dismissal of less than all of several defendants. See 5 Moore's Federal Practice, § 41.06-1, and Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F2d 250, 254 (5th Cir., 1973). However, there is a distinction between the provisions of the Georgia rule and the federal rule which suggests that Code Ann. § 81A-141 (a) could be interpreted to allow a voluntary dismissal only of the entire action. If so, a voluntary dismissal of less than all of several defendants must be accompanied by a ruling of the trial court under § 81A-121 to be effective. The record before us shows that plaintiffs did not obtain the trial court's approval of their dismissal of the commissioner as a defendant.

However, since the commissioner has chosen to rest this feature of the case on contentions which presume that Code Ann. § 81A-141 (a) permits a voluntary dismissal of less than all of several defendants, we will examine these arguments to determine if at least one of them requires a holding that the voluntary dismissal of the commissioner as a defendant was legally ineffective. Appellees argue the record fails to show this is a class action and that, in any event, the law permits the voluntary dismissal of the commissioner without approval of the court because the

action is unaffected by such dismissal.

We cannot agree with appellees' arguments. The relief granted in this case to the class of "retail distributors of malt beverages licensed by the City of Arcade only" clearly shows this is a class action under Code Ann. § 81A-123 (a) (1). In *Murphy v. Hope,* 229 Ga. 836 (1) (195 SE2d 24) (1972), this court held that a voluntary dismissal of a § 123 (a) (1) class action without leave of court is ineffectual. Furthermore, the dismissal of the commissioner would clearly affect the action, for in his absence complete relief cannot be afforded to the other parties in the case. The remaining defendants are subject to a substantial risk of incurring inconsistent obligations because of the commissioner's authority to enforce this tax statute.

Georgia Laws 1974, p. 1447, requires municipalities and counties to impose upon malt beverages a tax to be paid by wholesalers at a rate which is uniform throughout the state. Subsection (h) of the statute found on p. 1451, id., provides, "[t]he State Revenue Commissioner shall have the authority to enforce the provisions of this *Act;* and municipalities and counties shall have the authority to enforce collection and payment of the tax provided for herein." (Emphasis supplied.) See Code Ann. § 58-706.1 (h) which inaccurately states the commissioner "shall have the authority to enforce the provisions of this *section* . . ." (Emphasis supplied.)

The disposition of this case in the trial court will also impair the commissioner's ability to enforce this statute to assure uniformity of the beer tax rate throughout the state. Thus, there are compelling reasons to conclude that the commissioner is a party indispensable to the action. See Code Ann. § 81A-119 (a), and *Peoples Bank of LaGrange v. North Carolina Nat. Bank,* 230 Ga. 389 (197 SE2d 352) (1973). The notice filed by the plaintiffs was, therefore, ineffective to dismiss the commissioner from this class action.

We also hold that the Revenue Commissioner has standing to prosecute this appeal from the judgment notwithstanding the fact that he was not named in the judgment. In our opinion, the trial court could not enter a judgment holding the Uniform Beer Tax Act

unconstitutional as to the other parties without also injuriously affecting the commissioner's statutory interests. See *Mass. Bonding &c. Co. v. Realty Trust Co.,* 139 Ga. 180, 189-193 (77 SE 86) (1913). In view of this determination, it is not necessary to examine the remaining contentions of the commissioner that his dismissal as a defendant was invalid.

A question remains, however, regarding the proper disposition of this appeal. In *Mass. Bonding &c. Co.,* supra, the appellant bonding company was denied by the trial court the right to be heard on a matter in which it had an interest. This court reversed the judgment of the trial court and remanded the case with direction that the trial court consider the contentions of the company. Id., p. 193. In the present case, the commissioner's notice of appeal specifically directed that the transcript of evidence and proceedings in the trial court not be filed for inclusion in the record on appeal. On the basis of this omission the appellees argue that there is nothing in the record which supports the commissioner's claim that he was denied the right to be heard in the trial court. In any event, the commissioner's brief urges this court to decide the merits of the case. Thus we hold the commissioner has waived any claim of error based on his right to be heard in the trial court on the constitutionality of the Act and we proceed to consider the merits of the appeal.

II.

## Due Process and Equal Protection

The trial court held that the Act is violative of the due process and equal protection clauses of the State and Federal Constitutions. The appellees do not argue these grounds of the judgment in their briefs in this court. Therefore, the only discernible basis for the trial court's ruling is found in the appellees' complaint in which they alleged that § 5 A (a) of the Act violated the equal protection and due process clauses because "it is arbitrary and discriminatory in that plaintiffs are deprived of their property through the tax imposed by said 1974 Act without due process of law." Appellees also alleged that § 5 A (a) is too vague and indefinite to be enforced.

These contentions are without merit. The statute is sufficiently precise as to meet the due process standard of

definiteness, and therefore it is not void for vagueness. See *Brumby v. Brooks,* 234 Ga. 376, 381 (216 SE2d 288) (1975); *Campbell v. J. D. Jewell, Inc.,* 221 Ga. 543, 547 (145 SE2d 569) (1965). Furthermore, the state's interest in assuring that malt beverages be taxed uniformly throughout the state provides a sufficient rational basis for imposition of the tax even though the tax may be imposed without strict regard to the financial needs of a particular local taxing unit. We conclude this tax is not imposed arbitrarily in violation of due process requirements.

The appellees have failed to show also that the classifications established by the legislature in § 5 A (a) are not reasonably related to the purposes of the Act. See *Lake Lanier Theatres v. Hall County,* 229 Ga. 54, 55 (189 SE2d 439) (1972); *Black v. Blanchard,* 227 Ga. 167 (1) (179 SE2d 228) (1971); *Wright v. Hirsch,* 155 Ga. 229, 233 (116 SE 795) (1923). See also *Chanin v. Bibb County,* 234 Ga. 282, 290 (216 SE2d 250) (1975). The trial court, therefore, erred in holding the Uniform Beer Tax Act to be in violation of the equal protection clauses of the State and Federal Constitutions.

### III.
### Home Rule

Appellees' main contention on the merits of the appeal is that the Uniform Beer Tax Act violates the Municipal Home Rule Provision of the Constitution, Art. XV, Sec. I, Par. I (Code Ann. § 2-8301). Appellees argue that since the Act imposes a state tax for local purposes (see *Chanin v. Bibb County,* 234 Ga. 282, 291, supra; *Blackmon v. Golia,* 231 Ga. 381, 384 (202 SE2d 186) (1973)), it violates the municipality's right to govern itself in that it denies the municipality the discretion to determine whether a tax on malt beverages is necessary to provide for the public need of its citizens.

The appellees' contention is without merit. Code Ann. § 2-8301 does not function as a limitation on the power of the legislature but rather grants to the General Assembly the additional authority "to delegate its powers so that matters pertaining to municipalities upon which, prior to the ratification of this amendment, it was necessary for the General Assembly to act, may be dealt

with without the necessity of action by the General Assembly." Code Ann. § 2-8301.

As said in *Plantation Pipe Line Co. v. City of Bremen,* 227 Ga. 1, 6 (178 SE2d 868 (1970)), "the 1954 constitutional amendment does not grant legislative powers to municipalities directly and independently of the General Assembly. It merely authorizes the General Assembly to delegate its legislative powers to municipalities. It is not in derogation of legislative power nor does it conflict with it. The legislative power of the General Assembly is in no way impaired by the 1954 constitutional amendment and municipalities can receive and retain only such legislative power of the General Assembly as that body determines from time to time they should exercise." See also *Blackmon v. Golia,* 231 Ga. 381, 383, supra.

Thus, the mere fact that the General Assembly may have delegated to municipalities certain authority pursuant to Code Ann. § 2-8301, does not raise a constitutional bar under this section prohibiting the General Assembly from legislating directly in that same area at a later date. This construction of the General Assembly's authority under Code Ann. § 2-8301 is supported by the legislation implementing the constitutional amendment. Code Ann. § 69-1018 (a) provides, "[t]he power granted to municipalities in subsections (a) and (b) of section 69-1017 shall not be construed to extend to the following matters or any other matters which the General Assembly by general law has preempted or may hereafter preempt, but such matters shall be the subject of general law or the subject of local Acts of the General Assembly to the extent that the enactment of such local Acts is otherwise permitted under the Constitution." We hold the Uniform Beer Tax Act is not violative of Code Ann. § 2-8301.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 6, 1975 — DECIDED JANUARY 6, 1976.

*Arthur K. Bolton, Attorney General, Gary B. Andrews, Assistant Attorney General,* for appellants.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr., Davis, Davidson & Hopkins, Jack S. Davidson,* for appellees.